```
                    UNITED STATES DISTRICT COURT       FILED
                    NORTHERN DISTRICT OF ALABAMA    02 MAR -6 PM 2:31
                         NORTHEASTERN DIVISION
                                                      U.S. DISTRICT COURT
SONNY JAMES JONES,              )                      N D OF ALABAMA
                                )
              Plaintiff,        )
                                )
vs.                             )       Civil Action No. CV-02-S-0063-NE
                                )
NEELY COBLE COMPANY, INC.,      )                        ENTERED
                                )
              Defendant.        )
                                                         MAR - 6 2002
```

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss (doc. no. 6). Upon consideration of the motion, pleadings, and plaintiff's *pro se* response, the motion is due to be denied.

### I. STANDARD OF REVIEW

In general, a court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of plaintiff's complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[1]

---

[1] *See also, e.g., Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).



When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Notice pleading is all that is required: that is,

> "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley*, 355 U.S. at 47-48, 78 S.Ct. at 103 (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)[2]).

"A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any possible theory*." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)[3]). Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted."

---

[2] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

2

*Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).

Moreover, plaintiff is proceeding *pro se*. Accordingly, the court must afford him a leniency not granted to parties who are represented by counsel. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (observing that allegations in a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers"); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981) ("A pro se complaint, however inartfully drafted, must be held to less rigorous standards than the formal pleadings prepared by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Haines*, 404 U.S. at 520-21, 92 S.Ct. at 596). Even so, the leniency accorded *pro se* litigants is not unqualified. As the Sixth Circuit has written, "pro se plaintiffs are not automatically entitled to take every case to trial. As this court has noted, the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

With the foregoing standards in mind, the following facts either are not disputed or are stated in a light most favorable to plaintiff.

## II. STATEMENT OF FACTS

Plaintiff, Sonny James Jones, was employed by defendant Neely Coble Company, Inc. in Decatur, Alabama, where he worked as a "warranty manager."[4] On November 5, 1999, plaintiff was admitted to Huntsville Hospital in Huntsville, Alabama, for open-heart surgery scheduled for

---

[4] *See* Complaint (Attachment A).

3

November 9, 1999.[5] Plaintiff contacted defendant's office in Decatur, Alabama, to inform his employer that he needed to take medical leave from his job.[6] While out of the office, plaintiff states that he spoke with defendant's employees on just one occasion, when a co-employee named Johnny Gifford called plaintiff to get information regarding plaintiff's password for the "Warranty Managers computer system."[7]

When plaintiff returned to work on January 10, 2000, following his recuperation from surgery, another of defendant's employees informed plaintiff that his "job had been given to someone else," and that he "was placed back out on the floor as shop foreman."[8] According to plaintiff, this job change amounted to a "decrease in pay status," because plaintiff had "received a commission check for the desk job as warranty manager."[9] Moreover, plaintiff alleges that Johnny Gifford was "placed in the warranty manager job [and] was furnished a company vehicle and given more pay than [plaintiff] had received for the same job."[10] Plaintiff also claims that he was unable to perform his new job as shop foreman because the labor "caused severe pain and swelling of my leg and ankle that the vein was removed from."[11] Plaintiff contends that he suffered chest pain "due to the fact that [he] had to climb in and out of trucks [and] tilt/pull hoods over on class 8 diesel trucks."[12]

Plaintiff complained of his discomfort to defendant's general manager, Tracy Linville. Three days into his new job as shop foreman, plaintiff states that he contacted Linville to inform him that

---

[5] *See id.*
[6] *See id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

he was unable to work that day due to the swelling of his leg and ankle, and that he intended to seek medical care as a result.[13] Plaintiff asserts that Linville urged him not to see a doctor that day, and instead asked him to rest at home and return to work the following day to discuss his work problems.[14] Plaintiff complied; he did not contact a doctor about his medical problems, and returned to work the following day with "hopes of being placed back in my former position or allowed to do an easier job for a couple of months while I fully recovered."[15]

When plaintiff returned to work the following day, he allegedly was "promised" a desk and an office, and told him that he "would not have to stand up on concrete all day."[16] Plaintiff admits that an "office cubicle was set up" for his use, but that, despite these changes, he continued to experience pain and swelling.[17] Plaintiff also asserts that he was unable to do his job from the cubicle, because the "computer they installed never worked properly."[18] About two months later, plaintiff again complained about his work conditions to one of the office managers, but claims that he was "told to do the job or go home."[19]

Finally, on June 21, 2000, plaintiff asserts that he was "called into the office by Chuck Persley, who stated on the way, 'I got you now.'"[20] Plaintiff was terminated on that date from his employment, after nearly twenty-two years of service with defendant.[21]

Plaintiff now claims that defendant's conduct constitutes a violation of his rights as

---

[13] *See id.*
[14] *See id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*; *see also id.* (Charge of Discrimination).

guaranteed by the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654 (1994).[22] Plaintiff bases his complaint on the FMLA, despite the fact that the Charge of Discrimination he filed with the EEOC alleges that his rights were violated under the Americans with Disabilities Act of 1990.[23] Consequently, this court examines plaintiff's complaint solely under the FMLA.

Plaintiff claims that his FMLA rights were violated because "[n]o consideration was ever given to my health condition. No contact was ever made by Neely Coble management during my off time to inform me of the job change or inquire about my length of recovery."[24] Plaintiff asserts that he was asked to "sign some type of paper at my termination and was told that if I did not sign I would not get a good job recommendation."[25] Plaintiff further claims that he "discovered through an interview with Barbara Wales at the Dodge Dealership in Athens [, Alabama,] that she didn't feel that she was given a truthful recommendation" regarding plaintiff's previous job performance.[26] Finally, plaintiff states that he believes he was terminated due to his "temporary disabilities and the fact that management knew they had violated [his] rights."[27]

### III. DISCUSSION

Under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654, an eligible employee is entitled to up to twelve weeks of leave each year to care for a serious health condition of the employee, or the employee's child, spouse, or parent. *See* 29 U.S.C. § 2612(a)(1).

To preserve the availability of these rights, and to enforce them, the FMLA creates

---

[22] *See* Complaint at 2 (Question #3).

[23] *See id.* (Charge of Discrimination).

[24] *Id.* (Attachment A).

[25] *Id.*

[26] *Id.*

[27] *Id.*

> two types of claims: *interference claims*, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, *see* 29 U.S.C. § 2615(a)(1), and *retaliation claims*, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act, *see* 29 U.S.C. § 2615(a)91) & (2),; 29 C.F.R. § 825.220(c).

*Strickland v. Water Works and Sewer Board of the City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001) (emphasis added).

> To state a claim under the FMLA, a plaintiff must prove three elements at trial: (1) he availed himself of a protected right under the FMLA; (2) he suffered an adverse employment decision; and (3) there is a causal connection between the protected activity and the adverse employment decision.

*Parris v. Miami Herald Publishing Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000) (citing *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000)).

At issue in defendant's Rule 12(b)(6) motion is whether plaintiff timely filed his action with this court. The substance of defendant's motion centers around the fact that the Equal Employment Opportunity Commission ("EEOC") mailed plaintiff his Dismissal and Notice of Rights letter on June 8, 2001.[28] Although plaintiff was notified that he had ninety days from the presumptive date of receipt of the EEOC's dismissal to file an action in federal court,[29] plaintiff did not file suit until January 9, 2002, more than seven months later.[30] Plaintiff does not appear to contest that his filing exceeds the 90-day limit prescribed by 42 U.S.C 2000e-5(f). Plaintiff instead argues that actions filed under the FMLA — like this one — are governed generally by a two-year statute of limitations, and/or a three-year limitations period for claims of "willful violation."[31]

The court agrees with plaintiff's assessment of the facts herein. Had plaintiff brought a claim pursuant to the ADA, this court would be inclined to agree with defendant's assertions of

---

[28] *See* Motion to Dismiss (doc. no. 6) ¶ 1.

[29] *See id.*, Ex. A (Dismissal and Notice of Rights letter).

[30] *See* Complaint.

[31] Plaintiff's Response (doc. no. 7).

untimeliness. Defendant has failed to notice, however, that although plaintiff's EEOC charge was filed on the basis of an ADA claim, his complaint is grounded in defendant's alleged FMLA violations. Plaintiff correctly observes that the FMLA provides for a two-year statute of limitations: "an action may be brought ... not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1); *see also Smith v. BellSouth Telecommunications, Inc.*, 273 F.3d 1303, 1311 (11th Cir. 2001) (acknowledging FMLA's two-year statute of limitations).

The last event constituting defendant's alleged violation of this statutory scheme occurred with plaintiff's termination on June 21, 2000. Plaintiff filed suit on January 9, 2002. Consequently, the court finds plaintiff's action to have been filed within the statute of limitations proscribed by the FMLA, and defendant's motion to dismiss on that basis accordingly is due to be denied.

DONE this 6th day of March, 2002.

_____
United States District Judge